# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,       )
                                )
       v.                       )       ID No. 1707010054
                                )
ANTONIO RUSSELL,      )
                                )
      Defendant.         )

Date Submitted:   February 14, 2020
Date Decided:     April 20, 2020

## ORDER

Upon consideration of Defendant's Motion for Correction of Sentence and Supplemental Letter,[1] the State's Response thereto,[2] Superior Court Criminal Rule 35, statutory and decisional law, and the record in this case, **IT APPEARS THAT:**

1.      On August 21, 2018, Defendant pled guilty to: (1) Manslaughter; (2) Possession of a Firearm During the Commission of a Felony ("PFDCF"); and (3) Possession of a Firearm By a Person Prohibited ("PFBPP").[3] On January 25, 2019, Defendant was sentenced to 15 years at Level V followed by decreasing levels of supervision and probation.[4]

---

[1] D.I. 60, 61.
[2] D.I. 65.
[3] D.I. 35.
[4] D.I. 51. Defendant was sentenced effective July 25, 2017, as follows: for Manslaughter, 25 years at Level V, suspended after 12 years, for 13 years at Level IV, suspended after 6 months, for 18 months at Level III; for PFDCF, 3 years at Level V; and for PFBPP, 8 years at Level V, suspended for 1 year at Level III. The first 5 years at Level V are mandatory pursuant to 11 *Del. C.* §§ 632, 1447A. Probation is concurrent.

2.     On December 23, 2019, Defendant filed his Motion for Correction of Sentence, arguing that his sentences are illegal and violate his constitutional right to due process because the Court used his prior juvenile adjudication as an aggravating factor to enhance his sentences.[5]

3.     On February 14, 2020, the State filed its Response, arguing that Defendant is rearguing an issue that was resolved prior to sentencing and noting that Defendant decided to move forward with sentencing.[6]

4.     Pursuant to Superior Court Criminal Rule 35(a), the Court may "correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within [90 days after the sentence is imposed]."[7] Rule 35(a) provides a narrow function to correct illegal sentences, "not to re-examine errors occurring at the trial or other proceedings prior to the imposition of the sentence."[8] Under Rule 35(a), a sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is

---

[5] D.I. 60, 61. Defendant's argument that his sentence is illegal because it does not follow the "U.S. Sentencing Guidelines" is without merit. The U.S. Sentencing Guidelines apply to federal sentencing, not Delaware sentencing. *See* Part A. Introduction and Authority, FCJ Federal Sentencing Guidelines Manual 1A Intro. (Nov. 1, 2018).
[6] D.I. 65.
[7] Super. Ct. Crim. R. 35(b).
[8] *Brittingham*, *v. State*, 705 A.2d 577, 578 (Del. 1998).

2

internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[9]

5.      SENTAC provides that for purposes of sentencing, "only those offenses adjudicated at age 14 or older shall be counted in prior history."[10]  In *State v. Roy*,[11] the Court held that the SENTAC Guidelines do no prohibit the sentencing judge from "considering the behavior that resulted in [the defendant's] adjudication of delinquency . . . in determining an appropriate sentence in this case."[12]  Defendant's prior juvenile adjudication occurred when he was 17 years old.  Therefore, the Court acted lawfully when it considered Defendant's juvenile adjudication.

6.      Regardless of whether Defendant's sentences exceed the SENTAC guidelines, his sentences do not exceed the statutorily authorized limits.  When Defendant pled guilty, he agreed to open sentencing which exposed him to a maximum of 58 years at Level V.[13]  Thus, Defendant is not entitled to relief under Rule 35(a) because his sentences are legal.[14]

---

[9] *State v. Yarborough*, 2020 WL 502386, at *3 (Del. Super. Jan. 30, 2020) (quotations omitted) (citing *Brittingham*, 705 A.2d at 578).

[10] SENTAC Benchbook, at 27.

[11] 2019 WL 2525810 (Del. Super. June 17, 2019).

[12] *Id.* at *2; *see also Siple v State*, 701 A.2d 79, 82-83 (Del. 1997) (holding that Delaware's sentencing guidelines are voluntary and non-binding, and therefore, there is no constitutional or statutory right in Delaware to appeal a criminal punishment on the sole basis that it deviates from the SENTAC sentencing guidelines).

[13] D.I. 35 (TIS Sentencing Guilty Plea Form).

[14] *Walters v. State*, 2013 WL 4540040, at *1 (Del. Aug. 23, 2013) (SENTAC guidelines "are only presumptive" and "[t]here is no basis to challenge the legality of a sentence solely on the grounds that a sentence exceeds the SENTAC guidelines." (citing *Mayes v. State*, 604 A.2d 839, 845 (Del. 1992)).

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendant's Motion for Correction of Sentence is **DENIED**.

**IT IS SO ORDERED.**

*Jan R. Jurden*

Jan R. Jurden, President Judge

Original to Prothonotary

cc:    Antonio Russell (SBI# 00836045)
       Matthew B. Frawley, DAG